UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRI PARRA, individually and on behalf
of others similarly situated,

Plaintiff,

-against-

SUMMIT HVAC MECHANICAL, INC. and
MICHAEL SHEA,

Defendants.

Case No.:

**COMPLAINT**

**Collective Action Complaint**

Plaintiff HENRI PARRA individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFED LLP, allege against Defendants SUMMIT HVAC MECHANICAL, INC. ("Summit" or the "Corporate Defendant") and MICHAEL SHEA ("Shea" or the "Individual Defendant") (the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Upon information and belief, Defendant Summit is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 266 East 239th Street Bronx, New York 10470.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8.      Upon information and belief, Defendant Shea resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendants.

9.      The Corporate Defendants provide construction services to companies in the State of New York.

10.     Plaintiff resides in the State of New York.

2

11. Defendant Shea possesses the authority to hire and fire employees, including Plaintiff, supervise their work schedules, set their rates of pay, and maintain payroll records.

12. In particular, Defendant Shea hired him and set his rate of pay.

13. Plaintiff has been employed by Defendants to work as a construction worker who performed carpentry work within the last six (6) years.

14. The Individual Defendant exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

15. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

16. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.* on behalf of himself based upon the following acts and/or omissions which Defendants committed:

    i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

    ii. Defendants' failure to timely pay Plaintiff;

    iii. Defendants' failure to pay Plaintiff prevailing wages and benefits; and

iv. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

17.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I.     Defendants' Wage and Hour Violations.

18.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

### A. Plaintiff's Schedule and Pay.

19.     Plaintiff worked for Defendants from approximately 2008 through June 20, 2016.

20.     Defendants required Plaintiff to report to Defendants' company shop to load materials in the Bronx on or after 6:00 a.m.

21.     Plaintiff generally worked at the job site from Monday through Saturday from 8:00 a.m. until 4:30 p.m. with a half an hour break each day.

22.     Twice a week, Plaintiff worked until 6:30 p.m.

23.     Plaintiff also worked on Sunday eight to ten times a year from 8:00 a.m. until 4:30 p.m. with a half an hour break.

24.     For two months, from Monday to Friday, Plaintiff worked from 8:00 a.m. to 4:00 p.m. and then again from 8:00 p.m. to 5:00 a.m.

25.     During this time period, Plaintiff also worked on Saturday and Sunday from 8:00 a.m. to 4:00 p.m. or later.

26.   Plaintiff also returned the company shop after his shift, where Defendants required him to unload the van.

27.   Plaintiff's return trip to the Bronx took as long as two and a half hours.

28.   At the beginning of his employment, Defendants paid Plaintiff an hourly rate of $18 for each of his hours on the job site.

29.   In approximately 2010, Defendants raised Plaintiff's hourly rate of pay to $20.

30.   In approximately 2012, Defendants increased Plaintiff's rate of pay to $22 an hour.

31.   Defendants further increased Plaintiff's hourly rate of pay to $25 in 2015.

32.   Defendants, however, did not pay for Plaintiff's work in the shop and for his travel time from the shop to the job site and back.

**B. Wage Violations Affecting Plaintiff.**

**1.  Overtime Pay Violations**

33.   Defendants failed to pay Plaintiff for his extensive overtime hours at time-and-a-half of his regular rate of pay.

**2.  Notice and Recordkeeping Violations**

34.   Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

35.   Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

36.     Defendants also frequently did not provide Plaintiff with an accurate paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information required under NYLL § 195.

37.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 3.  Untimely Payment of Wages.

38.     Plaintiff performed manual work as part of his job duties.

39.     In 2009, Defendants paid Plaintiff biweekly.

40.      Starting in 2015, Defendants began to pay Plaintiff every two or three weeks.

41.     In 2016, Defendants paid Plaintiff sporadically.

42.     Defendant untimely paid Plaintiff his wages.

### 4.  Defendants' Violations of the Prevailing Wage Laws.

43.     Aside from not being paid the proper overtime premium for the hours he worked in excess of 40, Plaintiff was not paid the proper prevailing wage and benefit rate as required by New York state law.

44.     Defendants bid upon, obtained and performed, publicly-financed projects, e.g., city, state and federal projects ("Government Projects"), as general contractors and/or subcontractors in the state of New York.

45.     These projects included, but were not limited to:

i.   Metropolitan Hospital in Manhattan; and

ii.  Hunter's Point South in Long Island City (together "Government Projects").

46.     On information and belief, pursuant to NYLL § 220, each of the Public Works Contracts for work to be performed in New York contained provisions specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects shall not be less than the "prevailing rate of wages", and further mandating the payment of same to Plaintiff.

47.     NYLL § 220 provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not be less than the "prevailing rate of wages."

48.     In New York, the "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.

49.     Defendants performed contracts entered into between them and the various governmental instrumentalities, which contracts were covered by the relevant provisions of the NYLL relating to "prevailing rate of wage" and "supplemental benefit" to be paid to employees' of the Defendants.

50.     When Defendants entered into the aforesaid contracts to perform the work for which Plaintiff provided labor, Defendants were required, under the relevant law and/or contracts, to pay their employees, including Plaintiff, a "prevailing rate of wage" and "supplemental benefit" that was specified in such contracts or was incorporated by reference into such contracts.

51.     Plaintiff was a person covered by, and/or intended to benefit from, the provisions of NYLL in respect to his work on the projects for which he provided labor.

52.     Plaintiff was an intended third-party beneficiary of these contracts between Defendants and various governmental instrumentalities.

53.     When working on the Government Projects, Plaintiff was not paid the prevailing wages and supplemental benefits as required by the contracts between Defendants and various governmental instrumentalities, as well as the NYLL.

**II.     Collective Action Allegations.**

54.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

55.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former installers, carpenters, and other employees performing similar duties employed by Defendants pursuant to 29 U.S.C. § 216(b).

56.     Plaintiff's Consent to Sue form is attached as **Exhibit 1**.

57.     Upon information and belief, there are at least 20 current and former current installers, carpenters, and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

58.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

59.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

60.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

62.    At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

63.    Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

64.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

66.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

67.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL Failure to Notify against all Defendants)**

68.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

70.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

71.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or accurate paystub in accordance with §195 of the NYLL.

72.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Timely Wages in Violation of the NYLL Against all Defendants)

73.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74.     NYLL § 191 requires that an employee manual laborer be paid no less frequently than once a week.

75.     Defendants unlawfully paid Plaintiff once every two (2) weeks or less.

76.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Third Party Beneficiary Claim for Prevailing Wages and Supplements)

77.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78.     The projects that Plaintiff worked on were publicly-financed projects, and upon information and belief, contracts associated with these public works projects mandated that Defendants pay workers the "prevailing rate of wages."

79.     Plaintiff was a person covered by, or the intended third-party beneficiary of, the contracts entered into by Defendants with various government instrumentalities to perform work on public works, which were covered by the provisions of the NYLL.

80.     In accordance with the terms and conditions of these contracts with various governmental instrumentalities and the relevant provisions of the NYLL and various laws relating to prevailing wages and supplements to be paid to employees of Defendants, Plaintiff should have been paid the prevailing wage and prevailing wage supplements for the work and labor Plaintiff supplied in connection with, and in furtherance of, the work contemplated by such contracts.

81.     Defendants knowingly failed or refused to pay Plaintiff the prevailing wage and prevailing supplements for regular and overtime hours of work in connection with the execution of Defendants' contracts with various governmental instrumentalities and/or subcontracts with general contractors.

82.     Defendants' failure or refusal to pay Plaintiff and all other similarly situated employees the prevailing wage and prevailing wage supplements constituted a material breach of the contracts with various governmental instrumentalities and/or subcontracts with general contractors.

83.     Pursuant to their contracts with the relevant governmental instrumentalities and the relevant provisions of the NYLL and various federal laws relating to "prevailing wages" to be paid to employees working on public works projects, the general contractors were obligated to ensure that Plaintiff was compensated at no less than the prevailing wages and supplements required by those contracts under the federal and New York state laws for each hour worked.

84.     Plaintiff did not receive the monies he was due as a beneficiary of the contracts entered into by Defendants, which provided for the payment of prevailing wages and benefits, and as a result, seeks a judgment for damages based upon an accounting of the amount of monies Plaintiff was paid and the amount Plaintiff and other similarly situated employees should have been paid in prevailing wages and benefits, together with an award of interest, costs,

disbursements, and attorneys' fees, as allowed by the relevant statues, and such other relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D.. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: January 9, 2017
       New York, New York

                                    Respectfully submitted,


                                    Michael Taubenfeld (MT-4640)
                                    FISHER TAUBENFELD LLP
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    Phone: (212) 571-0700
                                    Facsimile: (212) 505-2001
                                    *ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by SUMMIT HVAC MECHANICAL, INC. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_Henri Parra_
NAME

_[signature]_
SIGNATURE

_01 / 05 / 2017_
DATE